UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ILLUMINA, INC.,**

                Plaintiff,

      v.

**AFFYMETRIX, INC.,**

                Defendant.

Case No.: 09-cv-277-bbc

## <u>OPPOSITION TO AFFYMETRIX, INC.'S<br>MOTION TO TRANSFER VENUE</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ...................................................................................................... 3

      A.   The Interests of Justice Heavily Favor this District ................................. 3

           1.   Denying the Motion to Transfer Will Enable Rapid Resolution of
                the Conflict Between the Parties ................................................... 4

           2.   The Outcome of this Case Is of Interest to the State of Wisconsin ........... 7

      B.   The Convenience Factors Cannot Overcome the Interests of Justice in
           Retaining the Litigation in this District ................................................. 7

           1.   The Convenience of the Parties Does not Weigh in Favor of
                Transfer ...................................................................................... 8

           2.   The Convenience of Witnesses Does not Weigh Heavily in Favor
                of Transfer ................................................................................. 10

III.  CONCLUSION .................................................................................................. 12

MILW_8856520.7

# TABLE OF AUTHORITIES

## CASES

*Adams v. Newell Rubbermaid, Inc.*, 2007 WL 5613420 (W.D Wis. Aug. 21, 2007) ................ 1, 6

*Amtran Tech. Co. v. Funai Elec. Co.*, 2009 WL 1139591 (W.D. Wis. Apr. 27, 2009) .............. 6, 9

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) .......................... 4

*Carson v. Flexible Foam Prods., Inc.*, 2008 WL 1901727 (W.D. Wis. Apr. 22, 2008) ............. 6, 9

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) .................................................. 1, 3

*Fujitsu Ltd. v. Netgear, Inc.*, 2008 WL 2540602 (W.D. Wis. Apr. 4, 2008) ......................... 1, 3, 6

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ............................................................................. 3

*In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2008) ......................................................................... 3, 6

*In re Volkswagen AG*, 545 F.3d 304 (5th Cir 2008) ...................................................................... 3

*Ledalite Arch. Prods. v. Pinnacle Arch. Lighting, Inc.*, 2009 WL 54239 (W.D. Wis. Jan. 7, 2009)
........................................................................................................................... 1, 4, 6, 11

*Leggett & Platt, Inc. v. Lozier, Inc.*, 2005 WL 1168360 (W.D. Wis. May 17, 2005) ............... 7, 8

*Merrill Iron & Steel, Inc. v. Yonkers Contracting Co.*, 2005 WL 1181952 (W.D. Wis. May 18,
    2005) ................................................................................................................................... 9

*Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062 (W.D. Wis.
    2005) ............................................................................................................................... 4, 6

*Netcraft Corp. v. Ebay Inc.*, 2007 WL 5659395 (W.D. Wis. Aug. 17, 2007) ....................... 3, 4, 6

*Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71 (1963) ....................................................... 4

*Ricoh Co. v. Asustek Computer Inc.*, 2007 WL 5514734 (W.D. Wis. Jan. 8, 2007) ............. 2, 3, 6

*Semiconductor Energy Lab. Co. v. Samsung Elec. Co.*, 2009 WL 1615528 (W.D. Wis. Jun. 8,
    2009) ............................................................................................................................. 8, 10

*Trouve Ent. v. Newall Rubbermaid Inc.*, 2008 WL 628685 (W.D. Wis. Feb. 1, 2008) ........ 1, 6, 12

MILW_8856520.7

## I.    **INTRODUCTION**

Illumina brought this patent infringement case in this Court against its direct competitor, Affymetrix, to resolve this dispute quickly and efficiently.  Affymetrix's infringing products – probe arrays and equipment used for genetic analysis – were only recently introduced to the market.  Illumina's patent, U.S. Patent No. 7,510,841 ("the '841 patent"), issued on March 31, 2009, and Illumina filed suit just over one month later.  Illumina brought suit in this speedy jurisdiction to stop the infringing activity before it has a significant impact on the market for the patented technology.  The delay that would be caused by the venue transfer requested by Affymetrix would significantly impact Illumina's patent rights and the market for genetic analysis technology covered by the '841 patent.

This Court has repeatedly recognized that docket speed is an appropriate, and often determinative, consideration in the selection of the forum.  *See*, *e.g.*, *Ledalite Arch. Prods. v. Pinnacle Arch. Lighting, Inc.*, 2009 WL 54239, *3 (W.D. Wis. Jan. 7, 2009) (denying transfer after weighing "defendant's interest in litigating before its home forum with plaintiff's interest in obtaining a speedy resolution"); *Fujitsu Ltd. v. Netgear, Inc.*, 2008 WL 2540602, *3 (W.D. Wis. Apr. 4, 2008) (denying transfer and explaining that "the interest of justice is served by litigating a suit 'where the litigants are more likely to receive a speedy trial'" (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)); *Trouve Enters. v. Newell Rubbermaid Inc.*, 2008 WL 628685, at *1 (W.D. Wis. Feb. 1, 2008) (denying transfer where "the interest of justice in a swift resolution of this case outweighs any inconvenience to the parties or witnesses"); *Adams v. Newell Rubbermaid, Inc.*, 2007 WL 5613420, *4 (W.D Wis. Aug. 21, 2007) (denying transfer where the case had been filed "with the hope that the relative speed of this Court's docket would provide a swift resolution of the dispute and the harm to their patent monopoly would be as

1

minimal as possible"); *Ricoh Co. v. Asustek Computer Inc.*, 2007 WL 5514734, at *2 (W.D. Wis. Jan. 8, 2007) ("For parties holding patents that diminish in value as they age, speed is an important consideration.").

Many of the arguments that Affymetrix makes in favor of a transfer have been found by this Court in similar cases to carry little weight, and do not "clearly" outweigh a patentee's interest in resolving a patent case in the forum it chose. The only genuine argument Affymetrix offers in favor of moving this case to California is that it would be more convenient for it to litigate in its home forum – a proposition that would, of course, be true for virtually every defendant moving to transfer. In this case, however, any convenience to Affymetrix of litigating in its home district cannot "clearly" outweigh Illumina's interest in resolving this case in the forum of its choice, particularly where a trial date in California would be a full year and a half later than can be expected in this case, and where Illumina will be significantly prejudiced by such delay.

Moreover, it is surprising that Affymetrix has recently developed such a strong desire to litigate patent cases in its home forum. In the two prior patent cases brought by Affymetrix against Illumina (one in July of 2004 and another in October of 2007), Affymetrix made an affirmative choice to litigate in the District of Delaware, nearly 3000 miles from its California place of business. Those litigations featured identical parties (including many of the same witnesses) and technology in the same area of genetic analysis. The same facts that Affymetrix now holds up as compelling a transfer of venue to the Northern District of California did not persuade Affymetrix to file suit in that district when Affymetrix was given the decision of where to file suit. The facts that Affymetrix now advances in support of transfer do not "clearly"

2

outweigh Illumina's interest in resolving this case in the forum of its choice, and Affymetrix's motion should be denied.

## II.  <u>ARGUMENT</u>

In the Seventh Circuit, three statutory factors are considered in determining whether a defendant has met its heavy burden to show that a transfer is warranted: convenience of the parties, convenience of the witnesses, and the interest of justice. *See Coffey*, 796 F.2d at 219; *Fujitsu*, 2008 WL 2540602, at *1. Notably, "[t]he promotion of the interest of justice may be 'determinative' and convenience alone may be insufficient to justify transfer." *Netcraft Corp. v. Ebay Inc.*, 2007 WL 5659395, *1 (W.D. Wis. Aug. 17, 2007) (citing *Coffey*, 796 F.2d at 220). Affymetrix cites several cases applying the law of the Fifth Circuit to the transfer analysis. *See In re Volkswagen AG*, 545 F.3d 304 (5th Cir 2008); *In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2008). This court should instead look to the law of the Seventh Circuit and this district in deciding the motion before the Court.

In the present case, the interest of justice factor heavily outweighs both 1) the convenience advantage for Affymetrix provided by the Northern District of California venue, and 2) the convenience advantage to some potential Affymetrix witnesses. Thus, these potential advantages in convenience fall far short of demonstrating that the Northern District of California is "clearly more convenient" than Madison, Wisconsin.

### A.    The Interests of Justice Heavily Favor this District

A plaintiff's choice of forum is entitled to great weight. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). As this Court has held, the plaintiff's choice is respected even when the plaintiff is not located in the district if (as here) "the forum is the site of a material event: the sale of an infringing product." *Ricoh*, 2007 WL 5514734, at *2 (citing

3

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994)).

Affymetrix has negotiated a contract with the Biotechnology Center at the University of

Wisconsin–Madison to use, promote, and sell its products, at a location that is less than 5

minutes away from this Court.  (Declaration of Robert Lawler ("Lawler Decl.") at ¶¶ 2-4.)

Because Affymetrix is currently promoting and offering the accused products for sale in this

district, and has a contractual relationship with the University of Wisconsin, Illumina's choice of

this forum should be accorded deference.

> **1.     Denying the Motion to Transfer Will Enable Rapid Resolution of the Conflict Between the Parties**

The interests of justice are strongly served by the possibility of an earlier trial.  Indeed,

the quick resolution of cases in this district is the primary reason Illumina chose to commence

litigation in Madison.  (Declaration of Christian G. Cabou ("Cabou Decl.") at ¶ 8.)  In many

cases like the present one, this Court has determined that this interest outweighs any claimed

convenience from transferring to a defendant's home forum.  In *Ledalite*, this Court concluded

that a defendant could not show that the convenience factors were sufficient to overcome

plaintiff's need for a speedy trial, even where neither party had significant ties with this district.

*Ledalite*, 2009 WL 54239, at *3-4.  And in *Netcraft*, this Court denied a motion by two

defendants to transfer to their home forum, explaining that "the analysis of this motion centers on

the question whether defendants' inconvenience in defending this suit in Wisconsin is sufficient

to overcome plaintiff's desire to receive a speedier trial."  *Netcraft*, 2007 WL 5659395, at *1; *see*

*also Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062, 1064

(W.D. Wis. 2005) (citing *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963), to the

effect that the "interests of justice are served when a trial is held in a district court where the

litigants are most likely to receive a speedy trial" and that "[a]ccordingly, the relative speed with which an action may be resolved is an important consideration when selecting a venue").

The difference in the speeds of the dockets in this district and the Northern District of California is significant. The most recent available statistics for civil cases in the Northern District of California show that the median time from filing to trial has lengthened to a glacial 30.0 months. (*See* Federal Court Management Statistics for the Northern District of California (2008), available at http://www.uscourts.gov/cgi-bin/cmsd2008.pl, (Lawler Decl., Ex. B.).) In contrast, the median time to trial in this district is currently 12.3 months. (*See* Federal Court Management Statistics for the Western District of Wisconsin (2008), available at http://www.uscourts.gov/cgi-bin/cmsd2008.pl, (Lawler Decl., Ex. C).) This means that a case filed today in the proposed transferee district could expect a trial date in approximately January of 2012, a year and a half later than the trial that is expected in this case. Even though the docket in this district may have slowed somewhat in recent months, the time to trial in the Northern District of California has increased by even more since the decisions in those cases noted above.[1] Thus, the time that will be saved by denying transfer will be even greater.

Importantly, Illumina and Affymetrix are direct competitors in the business of manufacturing and selling arrays and systems for genetic analysis. (Cabou Decl. at ¶ 10.) Describing the impact that the infringing products will have on the market, Affymetrix's Chief Financial Officer, John Batty, told investors that a "wave of products will occur in the second

---

[1]  The median time from filing to trial in the Northern District of California has grown to 30.0 months in 2008, according to the most recent available statistics, from 24.9 months in 2007 and 25 months in 2006 (*Fujitsu* and *Netcraft*). In other districts, the median time from filing to trial was 26 months in 2008 (*Ledalite*) in the District of Colorado, and 21 months in 2007 and 27 months in 2005 (no data is available for 2006) in the Western District of North Carolina (*Trouve* and *Adams*). *See* Federal Court Management Statistics (2008), available at http://www.uscourts.gov/cgi-bin/cmsd2008.pl.

half of the year as this new platform rolls out," and that the market is "rapidly growing and changing." (Cabou Decl. at ¶ 13.) Thus, resolution of this matter in a timely manner is extremely important to Illumina.

Illumina has requested injunctive relief to prevent irreversible damage to its rights under the '841 patent. Recent Western District of Wisconsin cases involving a diligent plaintiff seeking injunctive relief against a competitor are unanimous in denying transfer. *See*, *e.g.*, *Ledalite*, 2009 WL 54239, at *3 (noting that "because the parties are direct competitors, plaintiff stands to lose substantially more from a delay in this case."); *Amtran Tech. Co. v. Funai Elec. Co.*, 2009 WL 1139591, at *6 (W.D. Wis., Apr. 27, 2009) (same); *Milwaukee Elec. Tool Corp.*, 392 F. Supp. 2d at 1065 (patent holder's rights are "time sensitive and delay can often erode the value of the patent monopoly."); *Fujitsu*, 2008 WL 2540602, at *3; *Trouve*, 2008 WL 628685, at *3-4; *Adams*, 2007 WL 5613420, at *4; *Netcraft*, 2007 WL 5659395, at *2; *Ricoh*, 2007 WL 5514734, at *2. This is, therefore, precisely the type of case in which speed to trial is most critical.

The cases cited by Affymetrix regarding the interests of justice prong are simply not analogous to the situation before the Court. The Federal Circuit in *TS Tech* did not consider a situation in which docket speed was a relevant factor in the transfer analysis. *See In re TS Tech*, 551 F.3d 1315 (applying Fifth Circuit law to transfer analysis); *see also Ledalite*, 2009 WL 54239, at *4 (noting plaintiff's apparent lack of interest in docket speed in *TS Tech*). This Court has transferred a case to a slower district where there was no claim for injunctive relief and the plaintiff was unable "to argue convincingly that speed is crucial when they waited as long as they did to bring suit against defendant." *Carson v. Flexible Foam Prods., Inc.*, 2008 WL 1901727, *2 (W.D. Wis. Apr. 22, 2008). And in *Leggett & Platt, Inc. v. Lozier, Inc.*, 2005 WL 1168360,

6

at *2 (W.D. Wis. May 17 2005), this Court actually cited the quick resolution of cases in this district as a reason to <u>deny</u> a motion to transfer a patent case outside of the Western District of Wisconsin.

### 2. The Outcome of this Case Is of Interest to the State of Wisconsin

Wisconsin has a strong interest in biotechnology, including the exact products at issue in this case, and the citizens of Wisconsin have a strong interest in ensuring that this important industry is not a consumer of infringing technology. Currently, the Gene Expression Center at the Wisconsin Biotechnology Center has entered into an academic pricing contract with Affymetrix which includes the accused GeneChip® HT RG-230 PM 24- and 96-Array Plates and the GeneTitan scanning system. (Lawler Decl. at ¶ 3 and Ex. A.) This ongoing arrangement suggests that there is a substantial local interest in resolution of this matter. In contrast, an "unsubstantiated claim that jury duty in this case would be an unfair burden on this district's citizens does not weigh in favor of transfer." *Leggett*, 2005 WL 1168360, at *2 (denying transfer where defendant admitted doing substantial business in Wisconsin and that it was subject to personal jurisdiction).

### B. The Convenience Factors Cannot Overcome the Interests of Justice in Retaining the Litigation in this District

Affymetrix is no stranger to litigation outside of the Northern District of California. In two prior patent cases brought by Affymetrix against Illumina, Affymetrix made an affirmative choice to litigate in the District of Delaware, nearly 3000 miles from its California place of business. (Lawler Decl., Ex. D (Docket Report D.Del 1:04-cv-901) and Ex. E (Docket Report D.Del. 1:07-cv-670).) Those litigations featured identical parties and technology in the area of genetic analysis. (Cabou Decl. at ¶¶ 14-15.) Some of the very same witnesses that provided

7

testimony in the 2007 trial in Delaware are now identified by Affymetrix as potential witnesses here: Stephen Fodor, John Stuelpnagel, and Mark Chee (Cabou Decl., at ¶¶ 14-17.)

This Court is charged with making a "'case-by-case determination of convenience and fairness,' taking into account all of the relevant facts and circumstances of the case." *Leggett*, 2005 WL 1168360, at *1 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).  However, it is somewhat ironic that Affymetrix was willing to twice pursue litigation in one of the most distant courts in the continental United States when it was allowed to choose the venue, but now complains about convenience in a venue that is a time zone and almost one thousand miles closer.  In light of defendant's pursuit of similar litigation[2] against Illumina in such a distant forum, fairness considerations suggest that the court should accord minimal weight to Affymetrix's new-found interest in party and witness convenience.

### 1.    The Convenience of the Parties Does not Weigh in Favor of Transfer

Illumina has expressed a strong preference for venue in Wisconsin by the act of filing a complaint in this district.  *See Semiconductor Energy Lab. Co. v. Samsung Elec. Co.*, 2009 WL 1615528, at *4 (W.D. Wis. Jun. 8, 2009) ("Presumably, if a plaintiff chose to file suit in Wisconsin, it is willing to overlook any inconvenience associated with litigating in this forum.") Although Affymetrix asserts that the California forum will be more convenient for Illumina, defendant's seeming concern is misplaced.  Just as Affymetrix was willing to initiate litigation in Delaware, far from either party's home, Illumina believes that quick resolution greatly outweighs

---

[2] Affymetrix misleadingly argues that Illumina has "employed the federal courts in California for its other litigation."  (Dkt #13, Affymetrix Br. at 3.)  However, Affymetrix fails to tell the Court that that case was filed in the Southern District of California, not the Northern District.  (*See* Chin Decl. Ex. D.)  Moreover, that case involved a routine collection matter involving approximately $275,000 and had no relation to patent litigation.  (*Id.*)  Thus, unlike Affymetrix's choice to file two separate patent lawsuits in Delaware, that case has no relevance to the requirement that this Court perform a "case-by-case analysis" of the transfer factors.

the cost of litigation away from its native San Diego.  Moreover, Illumina has retained the same counsel (Foley & Lardner LLP) since 2007 in connection with intellectual property litigation matters, and has elected to litigate in Wisconsin in part to achieve greater cost efficiencies with its chosen outside counsel.

Contrary to Affymetrix's assertions, the location of defendant's research and development efforts does not have particular significance to the convenience of a venue. Because patent cases generally "'involve a comparison of the alleged infringing device with the language of the patent claims,' the location where infringing devices were researched, developed and designed is a neutral factor in determining the convenience of a forum." *Amtran*, 2009 WL 1139591, at *5 (quoting *Adams*, 2007 WL 5613420, at *2).

Similarly, the Court should accord appropriate weight to the minimal cost and burden of transporting documents between the parties. *Carson*, 2008 WL 1901727, at *2.  In an era when document production is accomplished by electronic transfer rather than boxes of paper, this factor has reduced importance in the balance between the interests of justice and convenience. As this Court has observed, "[w]hile geographic concerns remain a part of the analysis, the Court is mindful that the relevant documents and witnesses can be transported to either district in a speedy and relatively inexpensive manner." *Merrill Iron & Steel, Inc. v. Yonkers Contracting Co.*, 2005 WL 1181952, at *3 (W.D. Wis. May 18, 2005).  Contrary to Affymetrix's assertion, however, careful consideration of the relative weight of this factor does not constitute disregarding this factor completely, and the Seventh Circuit has not ruled otherwise.

Finally, Affymetrix's suggestion that the modest size (300 pounds) of the GeneTitan instrument should be a factor in the transfer analysis is without merit for several reasons.  First, the '841 patent is not simply directed to the GeneTitan instrument itself, but to a method of using

9

"a composite array of individual arrays." ('841 patent, abstract). Thus, the focus of the jury's attention will be the accused arrays, specifically Affymetrix array plates as described in the claims of the '841 patent. These arrays can easily be passed by hand from juror to juror. (Declaration of John Izzo ("Izzo Decl.") at ¶ 3.) Second, as with deposition evidence, the operation of the GeneTitan instrument can be adequately demonstrated to the Court or jury using videotape. In fact, something other than a live demonstration of the instrument itself will likely be most appropriate, since the sample preparation and scanning performed by the genetic analysis instrumentation itself does not occur at a scale that is visible to the user. (Izzo Decl. at ¶ 5.) In fact, no such live demonstration of similar technology array scanning was provided during the previous litigation between Illumina and Affymetrix. Instead, the parties used various PowerPoint presentations to illustrate certain assay steps. (Cabou Decl. at ¶ 18.) The size of the GeneTitan instrument is thus unlikely to be a relevant consideration.

## 2.    The Convenience of Witnesses Does not Weigh Heavily in Favor of Transfer

As this Court recently noted, "in patent actions, depositions are customary and are satisfactory as a substitute for technical issues." *Semiconductor Energy Lab.*, 2009 WL 1615528, at *4 (citations omitted). There is every reason to believe that all pertinent witnesses can be deposed prior to trial. Even if "defendants may prefer the in-court testimony of its witnesses, they fail to provide reasons why they cannot obtain deposition testimony in this patent suit." *Id.* at *4.

In any event, of the individuals identified by Affymetrix as potential trial witnesses, at least three (John Stuelpnagel, the first named inventor on the '841 patent, Robin Silva, and John Murphy) have agreed to appear in Wisconsin to testify at trial if necessary. (Declaration of John

Murphy ("Murphy Decl.") at ¶¶ 2-5.)  Accordingly, the "convenience of witnesses" factor is simply not relevant to these witnesses.

Of the remaining witnesses, Stephen Fodor and Martin Goldberg are Affymetrix executives.  "Defendants do not have to subpoena their own employees.  The assumption is that witnesses within the control of the party calling them … will appear voluntarily."  *Amtran*, 2009 WL 1139591, at *5 (citation omitted).  And despite protestations that litigation in a district remote from San Francisco would interfere with Mr. Fodor's business responsibilities, he has previously demonstrated that his interest in Affymetrix's litigation outweighs those responsibilities by testifying and attending trial in the 2007 Delaware litigation.  (Cabou Decl. at ¶ 14.)  Moreover, the testimony of Mark Chee was provided to the 2007 jury trial in Delaware via videotape when Mr. Chee was a non-party witness living in San Diego (Cabou Decl. at ¶ 17), demonstrating that Affymetrix has little need for live testimony or concern for witness convenience, at least when it is the party choosing the venue for litigation.

The remaining two individuals, Richard Rava and Susan Siegel, are non-party witnesses formerly associated with Affymetrix.  Notably, defendant does not suggest that either witness would be unwilling or unable to travel to Wisconsin for trial.  Regarding the testimony of Mr. Rava, Affymetrix cites his knowledge of the state of the art at the time the '841 patent was filed, and indicates only that his testimony "may be relevant to at least the issues of anticipation and obviousness."  Beyond this general restatement of typical issues in patent trials, however, there is little indication that his presence in Wisconsin would be necessary to Affymetrix.  In patent trials, testimony relating to the scope and content of the prior art is often the realm of expert witnesses.  *See Ledalite*, 2009 WL 54239, at *3 (noting that "experts and lawyers end up playing the starring roles" in patent litigation).  In fact, Mr. Rava was a named inventor on one of the

11

patents at issue in the Delaware litigation (Lawler Decl. at ¶¶ 7, 9), and thus a potential witness in that case, yet this fact did not dissuade Affymetrix from bringing suit in a distant forum. Affymetrix also states that Ms. Siegel's knowledge is related to the decision to develop the accused products and marketplace conditions, and again asserts that her testimony "may be relevant."  Again, there is no indication that Ms. Siegel's live testimony would actually be required, or even that she is the only source for testimony regarding this subject.  In fact, defendant also suggests that Mr. Fodor may testify regarding "the development and marketing" of the accused products, thus rendering Ms. Siegel's testimony cumulative to that of a party witness.

The modest gains in convenience to relatively few witnesses are insufficient to overcome the interests of justice at stake in this case.  *See Trouve*, 2008 WL 628685, at *3 (noting that "the inconvenience to only one third party witness is simply not enough to satisfy the 'clearly more convenient' standard.").  Accordingly, Affymetrix can not meet its burden to demonstrate that the convenience of the witnesses strongly favors transfer outside of this district.

## III.  <u>CONCLUSION</u>

In this case, the speed of patent litigation in the Western District of Wisconsin is of paramount importance to Illumina.  Because of the need for rapid resolution, Illumina will be severely prejudiced if the case is transferred, and the interest of justice will be thwarted. Ultimately, Affymetrix's arguments that the Northern District of California will be more convenient for a handful of individuals cannot overcome Illumina's selection of this forum to address its pressing business concerns.  For the foregoing reasons, Illumina respectfully requests that Affymetrix's motion to transfer venue to the Northern District of California be denied.

12

Dated:  June 30, 2009

Respectfully submitted,

  s/ Justin E. Gray
Jeffrey N. Costakos (WBN 1008225)
James G. Morrow (WBN 1009942)
Robert A. Lawler (WBN 1066331)
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900

Justin E. Gray (WBN 1061486)
**FOLEY & LARDNER LLP**
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
608.257.5035

*Attorneys for Plaintiff*

13