IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ILLUMINA, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>AFFYMETRIX, INC.,<br><br>      Defendant. | Civil Action No. 09-cv-277-bbc |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Affymetrix, Inc. ("Affymetrix"), for its answer to the Second Amended Complaint, avers as follows:

    1.    Affymetrix is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

    2.    Affymetrix admits the allegations of paragraph 2.

    3.    Paragraph 3 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Affymetrix admits that plaintiff purports to bring an action for alleged patent infringement under the patents laws of the United States, 35 U.S.C. § 1 et seq., and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Affymetrix denies the remaining allegations of paragraph 3.

    4.    Paragraph 4 contains legal conclusions to which no answer is required.  To the extent an answer is required, Affymetrix admits that it conducts business in Wisconsin and does not contest personal jurisdiction in this judicial district for the limited purpose of this action. Affymetrix denies the remaining allegations of paragraph 4.

5.  Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, Affymetrix denies that venue in this judicial district serves the convenience of parties and witnesses or the interest of justice, but does not otherwise contest venue in this judicial district for the limited purpose of this action. Affymetrix denies the remaining allegations of paragraph 5.

6.  In response to paragraph 6, Affymetrix incorporates paragraphs 1 to 5 above.

7.  Affymetrix admits that Illumina purports to bring this action to seek damages and injunctive relief arising out the alleged infringement of U.S. Patent No. 7,510,841 ("the '841 patent"). Affymetrix denies the remaining allegations of paragraph 7.

8.  Affymetrix denies the allegations of paragraph 8.

9.  Affymetrix denies the allegations of paragraph 9.

10. In response to paragraph 10, Affymetrix incorporates paragraphs 1 to 9 above.

11. Affymetrix admits that the '841 patent issued on March 31, 2009, that it is entitled "Methods of Making and Using Composite Arrays for the Detection of a Plurality of Target Analytes," that John Stuelpnagel, Mark Chee, and Steven Auger are identified as the named inventors on the '841 patent, that Illumina, Inc. is identified as the named assignee on the '841 patent, and that the '841 patent is attached as Exhibit A to the Second Amended Complaint. Affymetrix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Affymetrix denies the allegations of paragraph 12.

13. Affymetrix denies the allegations of paragraph 13.

14. Affymetrix denies the allegations of paragraph 14.

15. Affymetrix denies the allegations of paragraph 15.

16. Affymetrix denies the allegations of paragraph 16.

## DEFENSES

17. The '841 patent is invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

18. Affymetrix has not directly or indirectly infringed the '841 patent.

19. Any claim of infringement of the '841 patent under the doctrine of equivalents would be limited by prosecution history estoppel.

20. The '841 patent is unenforceable under the doctrine of prosecution laches because there was an unreasonable and unexplained delay in prosecution.

21. Illumina's damages, if any, are limited to a royalty on usual and reasonable commercial terms.

22. Illumina has waived any claim for lost profits or injunctive relief.

23. Illumina's claim is limited and/or barred at such time Affymetrix obtains a license to the '841 patent.

24. Upon information and belief, Illumina lacks standing to bring suit for infringement of the '841 patent.

## COUNTERCLAIM

### (Declaratory Judgment)

For its counterclaim against plaintiff, Affymetrix avers as follows:

25. This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## Claim for Relief

26.   Plaintiff brought an action against Affymetrix for alleged infringement of the '841 patent.

27.   The '841 patent is invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

28.   Affymetrix has not directly or indirectly infringed the '841 patent.

29.   An actual and justiciable controversy exists between the parties with respect to the '841 patent. Affymetrix is entitled to a declaratory judgment that the '841 patent is invalid and not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Affymetrix prays for a judgment that:

A.   Dismisses the Second Amended Complaint with prejudice;

B.   Declares that the '841 patent is invalid;

C.   Declares that Affymetrix has not infringed the '841 patent;

D.   Awards Affymetrix its costs and attorneys' fees; and

E.   Awards Affymetrix such other and further relief as the Court may deem proper.

-5-

Dated: August 28, 2009                  Respectfully submitted,

    /s/ Roger J. Chin
James R. Troupis
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
(608) 257-3501

Ron E. Shulman
Roger J. Chin
Jennifer Koh
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

Attorneys for Defendant
AFFYMETRIX, INC.