IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ILLUMINA, INC.,

        Plaintiff,

v.

AFFYMETRIX, INC.,

        Defendant.

ORDER

09-cv-277-bbc

---

This is a patent lawsuit in which plaintiff seeks damages and injunctive relief arising from defendant's willful infringement of plaintiff's U.S. Patent No. 7,510,841. Before the court is defendant's motion for a protective order. Defendant contends that plaintiff's 228 requests for admission actually constitute interrogatories subject to the numerical limits of Fed. R. Civ. P. 33(a)(1).

Plaintiff's RFAs are written in pairs—the first request asks defendant to admit that a statement is true and a second request asks defendant to admit that the same statement is false. It is not necessarily improper for a civil litigant to serve over 200 RFAs on his opponent. The numerical limits imposed on interrogatories and depositions do not translate cleanly to RFAs because when used properly, a larger number of RFAs means less burden on both sides. For instance, in some complex commercial cases, the parties might exchange a thousand RFAs in order to streamline other discovery. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (citing *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978); *Webb v. Westinghouse Electric Corp.*, 81 F.R.D. 431, 436 (E.D. Pa. 1978)).

That said, the first question is whether the RFAs have been used properly, that is, to have the opposing party admit the truth of a fact, the application of law to fact or opinions about either. Fed. R. Civ. P. 36(a). The RFAs in this case meet this criterion: they all require only yes or no answers. *See Safeco of America v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998) (Rule 36 should not be used unless facts sought to be admitted phrased so that it can be admitted or denied without explanation).

What is disconcerting, however, is the amount of information that plaintiff seeks to obtain through the use of several, increasingly detailed RFAs. For example, RFA Nos. 1-38 all relate to an "HT Array Plate shown in Exhibit A." With each additional request, plaintiff seeks to have defendant admit increasingly more specific information about what the plate does or does not include. What plaintiff actually is attempting to accomplish is discovery regarding the specific features of the specified array plate. Similarly, RFA Nos. 213-228 asks about how ARSL processes analytical samples. Each request asks whether defendant uses a particular (and different) system to process these samples. Plaintiff uses 15 questions to attempt to determine how ARSL processes its analytical samples.

In sum, plaintiff is trying to elicit broad information about a particular subject and discover the existence of certain facts. That is the role of interrogatories or other means of discovery. 8A Fed. Prac. & Proc. Civ. 2d § 2253. Requests for admission cannot be used as a substitute for interrogatories in order to circumvent the limit on interrogatories. *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 206 (6th Cir. 1986); *Safeco*, 181 F.R.D. at 447.

Considering the overlapping and particularized nature of plaintiff's requests, I conclude that they are unduly burdensome on defendant and need not be answered. Plaintiff is entitled

to obtain relevant information, but what it has requested here is excessive. Plaintiff must narrow the scope of its RFAs and obtain the detailed information it seeks through other discovery methods. Defendant need not answer the requests for admission served on July 14 and 15, 2009.

IT IS ORDERED that defendant's motion for a protective order, dkt. 32, is GRANTED.

Entered this 16th day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge