IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ILLUMINA, INC.,                                          OPINION AND ORDER
                        Plaintiff,
                                                         09-cv-277-bbc
            v.

AFFYMETRIX, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Affymetrix, Inc., has filed a motion to transfer this patent infringement suit to the Northern District of California pursuant to 28 U.S.C. § 1404(a). In a motion to transfer venue, the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Defendant has failed to meet that burden. It has not shown that the convenience of the parties and witnesses overcomes the interests of justice in affording plaintiff a speedy resolution in this patent infringement case. Accordingly, I will deny defendant's motion to transfer venue.

There are two initial matters to address. First, defendant relies heavily on In re Genentech, 566 F.3d 1338 (Fed. Cir. 2009), throughout its briefs. I agree with plaintiff

1

Illumina, Inc. that Federal Circuit patent law is not controlling on procedural issues, such as defendant's motion to transfer.  Thus, <u>Genentech</u>'s interpretation of the law of the Fifth Circuit is persuasive, at best.  Second, defendant raises several arguments for the first time in its reply brief.  Arguments raised for the first time in a reply brief are considered waived, simply because the opposing party has no chance to rebut them.  <u>United States v. Adamson</u>, 441 F.3d 513, 521 n.2 (7th Cir. 2006).

In deciding whether the moving party has made the necessary showing for a transfer, a court may rely on the allegations of the complaint and may receive and weigh affidavits submitted by the parties.  <u>Heller Fin., Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1293-94 (7th Cir. 1989).  From plaintiff's complaint and declarations submitted by the parties regarding defendant's motion to transfer venue, I draw the following facts.

ALLEGATIONS OF FACT

A.  <u>Parties</u>

Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business in San Diego, California.  Plaintiff owns U.S. Patent Number 7,520,841 (the '841 patent) titled "Method of Making and Using Composite Arrays for the Detection of a Plurality of Target Analytes" which concerns genetic analysis technology.  This patent was issued on March 31, 2009.

2

Defendant Affymetrix, Inc. is a Delaware corporation with its principal place of business in Santa Clara, California.  Defendant's alleged infringing acts concerning the GeneTitan System, the accused product, have been committed in the Western District of Wisconsin.  Specifically, defendant has entered into a contract with the Biotechnology Center of the University of Wisconsin–Madison to use, promote and sell defendant's products, including the GeneTitan System.  Defendant alleges it has not yet made a sale of the GeneTitan System in Wisconsin.  However, the information for sale of the GeneTitan System in defendant's contract with the University of Wisconsin is available via the internet. http://www.biotech.wisc.edu/gec/AffymetrixServices.asp (accessed September 11, 2009).

### B.  Party Witnesses and Documents

Defendant's employees with knowledge relevant to the GeneTitan System are located in California.  Moreover, documents related to the  development, marketing and sale of the GeneTitan System, as well as the accused product itself, are located and maintained in California.

### C.  Third-Party Witnesses and Documents

Defendant intends to call six third-party witnesses with knowledge relevant to the GeneTitan System, all of whom are employed in California or reside there.  Three third-

party witnesses have indicated that they will appear voluntarily in Wisconsin to testify at trial, if necessary:  John Stuelpnagel, a named inventor of the '841 patent; Robin Silva, the lawyer responsible for prosecuting at least two provisional U.S. Patent Applications to which the '841 patent claims priority; and John Murphy, the agent responsible for prosecuting the U.S. Patent Application under which the '841 patent was issued.  Murphy Decl., dkt. # 20, at ¶¶ 2-4.  Two third-party witnesses are former employees of plaintiff Affymetrix, including Richard Rava, a former Senior Vice President of Research and Development, and Susan Siegel, a former president.  The remaining third-party witness, Mark Chee, is a named inventor of the '841 patent.  None of these third-party witnesses are subject to compulsory process in the Western District of Wisconsin.  Aside from the inconvenience of time and travel, defendant has not indicated that any of these third-party witnesses are unwilling or unable to appear in Wisconsin to testify at trial.

OPINION

Transferring a case under 28 U.S.C. § 1404(a) is appropriate when (1) venue is proper in the transferor district and (2) the transferee district is one in which the action may have been brought.  Coffey  v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).  Under 28 U.S.C. § 1404(a), a court may transfer a case to another district if that transfer serves the convenience of the parties and witnesses and will promote the interests

4

of justice.  28 U.S.C. § 1404(a); <u>Coffey</u>, 796 F.2d at 219-20; <u>Roberts & Schaefer Co. v.</u>

<u>Merit Contracting, Inc.</u>, 99 F.3d 248, 254 (7th Cir. 1996).  Determining whether these

criteria are met requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience

to parties; (3) the convenience to witnesses; and (4) the interests of justice.


A.  <u>Plaintiffs' Choice of Forum</u>

The parties do not dispute that venue is proper in either the Western District of

Wisconsin, where the defendant is subject to this court's personal jurisdiction, 28 U.S.C. §

1391(c), or the Northern District of California, the location of defendant's principal place

of business.  In theory, a plaintiff's choice of forum is accorded deference, but only when a

plaintiff is litigating in his home forum.  <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255-56

(1981).  However, even when plaintiff is not litigating it his home forum, his choice of forum

should not be disturbed unless the transfer factors balance strongly favors defendant.  <u>In re</u>

<u>Nat'l Presto Indus., Inc.</u>, 347 F.3d 662, 663-64 (7th Cir. 2003); <u>Chicago, Rock Island &</u>

<u>Pac. R.R. Co. v. Igoe</u>, 220 F.2d 299, 302 (7th Cir. 1955) ("[T]he District Court should bear

in mind that in filing an action the plaintiff is permitted to choose any proper forum and

that the plaintiff's choice of forum should not be lightly set aside.").  As we will see, the

balance does not strongly favor transfer.

B. <u>Convenience to the Parties</u>

The research and development of the GeneTitan System took place in California. Further, defendant's documents and other sources of proof are located there.  In particular, defendant notes that to have to transport the 300-pound GeneTitan System to Wisconsin weighs in favor of transfer.  Nonetheless, in this day and age, the location of these materials has been diminished.  <u>Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.</u>, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("[T]echnological advancements have diminished traditional concerns related to ease of access to sources of proof. . ."); <u>Board of Trustees, Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.</u>, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").  Despite the fact that defendant's sources of proof, including the GeneTitan System, are located in the same metropolitan area as the three federal courthouses in the Northern District of California, the ease with which these materials may be transported causes the location of sources of proof to be a neutral factor in this case.  <u>Id.</u>

Further, plaintiff correctly asserts that the location of the GeneTitan System is not a compelling reason to transfer this case to the Northern District of California.  Defendant has not advanced any plausible reason why the GeneTitan System or its relevant

6

components cannot be shipped, why its presence at trial is critical to defendant's defense, or why the system cannot be demonstrated to the jury by video.

C. <u>Convenience of the Witnesses</u>

In patent lawsuits, where experts and lawyers end up playing the starring roles, mention of "witnesses" and "records" in a given district carries minimal weight.  Defendant does identify witnesses not subject to this court's subpoena power and summarizes their potential testimony.  It argues that transfer is appropriate because all of its employee witnesses are located in California.  However, traditional concerns related to the cost of obtaining the attendance of witnesses have been diminished by technological advancements. <u>Milwaukee Electric Tool Corp.</u>, 392 F. Supp. 2d at 1064.  Further, the location of defendant's employee witnesses is not a heavily weighted  factor because of the assumption that "witnesses within the control of the party calling them, such as employees, will appear voluntarily," that is, at least without subpoena.  No. 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, at *6-7 (W.D. Wis. Aug. 21, 2007) (citation omitted).  Accordingly, the convenience of employee witnesses is a neutral factor in this case.


2. <u>Third-party witnesses</u>

When evaluating the availability of compulsory process in transferring venue, a court should look first to see whether the third-party witnesses reside within the subpoena power

7

of either the transferor or transferee court.  FUL Inc.  v. Unified Sch. Dist. No. 204, 839 F. Supp. 1307, 1312 (N.D. Ill. 1993).  Second, courts should look to the materiality of the testimony to be provided by these witnesses, not merely the number of them.  Id.

Defendant points out that none of the six third-party witnesses it identifies are subject to this court's subpoena power, but they are subject to the subpoena power of the Northern District of California.  This would be a compelling argument if defendant demonstrated a likelihood that compulsory process would be necessary to secure the appearance of these third-party witnesses at trial.  It has not done so.  Three of the six third-party witnesses, Stuelpnagel, Silva and Murphy, have volunteered to appear in the Western District of Wisconsin to testify at trial.  Murphy Decl., dkt. # 20, at ¶¶ 2-4.  Another two third-party witnesses, Rava and Siegel, are former employees of defendant, and defendant has not argued that they will be unwilling to appear in the Western District of Wisconsin to testify at trial.  Chee, the remaining third-party witness, is a named inventor whose testimony is likely to be redundant, given that Stuelpnagel has already agreed to appear in the Western District of Wisconsin to testify at trial and he is another named inventor.

Additionally, defendant has not asserted that any third-party witness has refused to provide deposition testimony in this case.  Adams, No. 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, at *7 (W.D. Wis. Aug. 21, 2007) ("'[I]n patent actions, depositions are customary and are satisfactory as a substitute for technical issues.'") (quoting Medi USA, L.P. v. Jobst

Inst., Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992)).

The convenience of third-party witnesses is an important consideration, but not necessarily a dispositive factor.  E.g., Merrill Iron & Steel, Inc. v. Yonkers Contracting Co., No. 05-104, 2005 U.S. Dist. LEXIS 9730, at *7-9 (W.D. Wis. 2005) (convenience of third-party witnesses, among other things, weighed in favor of transfer where multiple witnesses were located in transferee district and there was little risk that third-party witnesses in the transferor district would not appear in the transferee district).  In this case, defendant is primarily concerned with the financial burden and time commitment required of third-party witnesses who may need to appear in the Western District of Wisconsin, rather than in the Northern District of California.  Although these concerns are valid, when they are balanced against the interests of justice, they do not weigh heavily in favor of transferring the action to the Northern District of California.

D.  Interests of Justice

In weighing a motion to transfer venue, a court often must look beyond the convenience of one party to determine whether transfer will promote the interests of justice.  Coffey, 796 F.2d at 219-20; Roberts & Schaefer Co., 99 F.3d at 254.  These interests may be determinative in a particular case, even if the convenience of the parties and witnesses suggests a different result.  Coffey, 796 F.2d at 221 ("The 'interest of justice' . . . may be

9

determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.") (citations omitted).

With this in mind, "[f]actors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as whether a transfer would help the litigants receive a speedy trial.  Id. at 221; Heller Financial, Inc., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing Coffey, 796 F.2d at 221; Parsons v. Chesapeake & Ohio Ry. Co., 375 U.S. 71 (1963) ("[A] trial judge weighing the interests of justice [may] legitimately consider the condition of his court's docket an important factor.").  I find that this factor weighs determinatively in favor of keeping the case in this district.

Plaintiff argues that the interests of justice favor not transferring this case because this court will reach a faster result than the court in the Northern District of California. Indeed, plaintiff admits that its choice of venue is motivated by this court's history of swift case resolution.  Although docket speed alone is not sufficient to defeat a motion to transfer when other factors establish that another forum is clearly more convenient, Leggett & Platt, Inc. v. Lozier, Inc., No. 04-0932, 2005 WL 1168360, at *2 (W.D. Wis. May, 17, 2005), defendant has failed to show that any other factors compel transfer.

Defendant does not deny that the products it manufactures under the '841 patent compete directly with defendant's GeneTitan System, Christian G. Cabou Decl., dkt. #19, at ¶ 10, and that defendant intends to introduce a wave of new products in the second half

10

of the year.  Further, the parties do not dispute that defendant has entered into an ongoing academic pricing contract with the University of Wisconsin–Madison through which the GeneTitan System may be purchased.  Robert A. Lawler Decl., dkt. # 22, at ¶¶ 3-4.

The essence of a patent is the right to exclude others from profiting by the invention. Dawson Chem. Co. v. Rohm & Haas Co., 448 U.S. 176, 215 (1980).  When a patent infringement case centers on competing products in a dynamic market, the factor of speed takes on more importance than it might in another kind of case.  Accordingly, regardless whether damages would be available (because actual sales had been made) at the time the complaint was filed, plaintiff has an interest in stopping future sales of the allegedly infringing GeneTitan System.  Just as a potential infringer may seek relief in the form of a determination of noninfringement prior to making actual infringing sales, so may a patentee sue to prevent future sales.  Lang v. Pac. Marine & Supply Co., Ltd., 895 F.2d 761, 764 (Fed. Cir. 1990).  These factors weigh against transfer.  Without a speedy resolution, it will become increasingly difficult for plaintiff to capture market share and recoup lost profits. Milwaukee Electric Tool Corp., 392 F. Supp. at 1065 (citation omitted).

Thus, plaintiff's selection of this forum and its interest in the speedy resolution are important considerations.  The matter concerns plaintiff's patent rights.  This court has reasoned before that the relative speed with which an action may be resolved is a potentially important consideration in patent cases, particularly where a patent holder seeks to enjoin

11

its competitors from using plaintiff's invention to gain a potentially irreversible advantage in the marketplace or where plaintiff seeks lost profit damages, which are inherently difficult to prove.  Guardian Media Techs., Ltd. v. Mustek Sys., Inc., 440 F. Supp. 2d 937, 939 (W.D. Wis. 2006).  Patent "rights are time sensitive and delay can often erode the value of the patent monopoly." Milwaukee Electric Tool Corp., 392 F. Supp. 2d at 1065 (citation omitted).  The median time from filing to trial in this District is 12.3 months, whereas the median time from filing to trial in the Northern District of California is 30 months. Federal Court Management Statistics (2008), http://www.uscourts.gov/cgi-bin/cmsd2008.pl.  In fact, "[t]he likelihood of delay, the resulting increase in litigation expenses to the parties, and harm to [the] patent monopoly weigh heavily in favor of the matter's prompt resolution in [the relatively speedier] district." Id.

Against plaintiff's desire for relative speed, defendant's showing of inconvenience is not particularly compelling.  The only witnesses it discusses are its fact witnesses; in patent cases, it is not usual for these witnesses to play a big part at trial.  The starring roles are usually reserved for the experts, who may come from anywhere in the world and will appear wherever the case is litigated.  Defendant has not said where its experts are located, but it has not suggested that it is inconvenient for them to appear wherever they are needed.  To the extent that employee witnesses will be called, the parties will have little difficulty persuading them to attend trial.  Furthermore, defendant's reasons for transferring this case

to the Northern District of California are at their foundation about reducing the cost of litigation by not having to travel as far with witnesses and documents.  However, there is no evidence that the greater travel or transfer costs would not be canceled out by the money saved by reaching the end of the litigation 18 months sooner than if this case were litigated in the Northern District of California.


ORDER

IT IS ORDERED that the motion to transfer venue filed by defendant Affymetrix, Inc. is DENIED.


Entered this 18th day of September, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

13