UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ILLUMINA, INC.,**

            Plaintiff,

    v.

**AFFYMETRIX, INC.,**

            Defendant.

Case Nos. 09-cv-277-bbc
09-cv-665-bbc

**JOINT PRELIMINARY PRETRIAL REPORT**

Pursuant to this Court's Notice of Scheduling Conference and Fed. R. Civ. P. 26(f), counsel for plaintiff Illumina, Inc. ("Illumina"), and defendant Affymetrix, Inc. ("Affymetrix"), met and conferred regarding a discovery and case schedule on December 3, 2009, and they now present this Joint Preliminary Pretrial Report.

**BACKGROUND**

On November 3, 2009, Illumina filed a second Complaint against Affymetrix in Case No. 09-665-bbc, alleging infringement of U.S. Patent No. 7,612,020 ("the '020 patent"), which issued that same day. The parties stipulated to consolidation of the new case with the previously filed Case No. 09-227-bbc, which asserted infringement of U.S. Patent No. 7,510,841 ('the '841 patent"). The Court granted the consolidation motion (Dk. No. 50), vacated the current schedule, and scheduled a new Preliminary Pretrial Conference for December 10, 2009.

**PROPOSED DISCOVERY PLAN**

    A.    **Case Schedule**

The parties propose the following respective case schedules.

**Illumina's position regarding the schedule:** Illumina proposes the following schedule:

| EVENT | ILLUMINA PROPOSAL | AFFYMETRIX PROPOSAL | ORIGINAL SCHEDULE |
|---|---|---|---|
| Deadline for amendments to pleadings (w/o leave) | December 17, 2009 | December 17, 2009 | August 14, 2009 |
| Plaintiff's Claim Chart | Illumina will serve its claim chart prior to the Preliminary Pretrial Conference | Prior to the Preliminary Pretrial Conference | |
| Exchange of claim terms and proposed constructions | December 28, 2009 | April 16, 2010 | November 2, 2009 |
| Motions requesting claim construction | January 15, 2010 | May 7, 2010 | November 23, 2009 |
| Responsive claim construction briefs | February 12, 2010 | May 28, 2010 | December 21, 2009 |
| Claim construction hearing (if needed) | March 5, 2010 | June 11, 2010 | January 8, 2010 |
| Disclosure of liability expert reports: Proponent | April 30, 2010 | July 23, 2010 | March 5, 2010 |
| Production of opinions of counsel and related materials if relying on advice of counsel as a defense to willfulness | May 7, 2010 | 50 days after issuance of claim construction order | N/A |
| Disclosure of liability expert reports: Respondent | May 21, 2010 | August 20, 2010 | March 26, 2010 |
| Dispositive motions deadline | June 4, 2010 | September 17, 2010 | April 9, 2010 |
| Disclosure of damage expert reports: Proponent | September 3, 2010 | October 22, 2010 | July 9, 2010 |
| Disclosure of damage expert reports: Respondent | October 1, 2010 | November 19, 2010 | August 6, 2010 |
| Settlement letters | October 22, 2010 | December 10, 2010 | August 27, 2010 |
| Discovery cutoff | October 29, 2010 | December 10, 2010 | September 3, 2010 |
| Rule 26(a)(3) disclosures and all motions in limine | November 5, 2010 | January 28, 2011 | September 10, 2010 |
| Objections | November 12, 2010 | February 4, 2011 | September 17, 2010 |
| Final pretrial conference | November 18, 2010 | February 21, 2011 | September 23, 2010 |
| Trial | December 6, 2010 | March 14, 2011 | October 4, 2010 |

Because of the overlap in subject matter between the '841 and '020 patent and the early stage of discovery of this litigation, Illumina believes a relatively small adjustment of the current schedule is required.

Both the '841 and '020 patents issued from patent applications filed on the same date, by the same inventors, and prosecuted by the same patent attorneys. Nearly all of the prior art references cited in the '020 patent were also cited in the '841 patent. Both patents are drawn to the same general subject matter of composite arrays, with the '841 patent being directed generally to methods of making and using the composite arrays and the '020 patent being directed generally to the particular array itself. Illumina's complaints allege that the same Affymetrix products infringe both the '841 and '020 patents. Both patents share an identical specification and have similar claims and claim terms.

In addition, the original case is at an early stage. The parties are in the process of exchanging and reviewing responsive documents, and the parties exchanged proposed claim constructions the day before the second complaint was filed.

Illumina will serve its claim charts for the '020 patent prior to the Preliminary Pretrial Conference. Thus, the parties should be in a position to exchange claim constructions for the '020 patent shortly after the Preliminary Pretrial Conference. Given the close relationship between the patents and the issues, there is no reason to issue a schedule as though this were a brand new case.

3

**Affymetrix's position regarding the schedule:**  Affymetrix proposes the following schedule:

| EVENT | AFFYMETRIX |
|---|---|
| Deadline for amendments to pleadings (w/o leave) | December 17, 2009 |
| Plaintiff's Claim Chart | Prior to the Preliminary Pretrial Conference |
| Exchange of claim terms and proposed constructions | April 16, 2010 |
| Motions requesting claim construction | May 7, 2010 |
| Responsive claim construction briefs | May 28, 2010 |
| Claim construction hearing (if needed) | June 11, 2010 |
| Disclosure of liability expert reports: Proponent | July 23, 2010 |
| Production of opinions of counsel and related materials if relying on advice of counsel as a defense to willfulness | 50 days after issuance of claim construction order |
| Disclosure of liability expert reports: Respondent | August 20, 2010 |
| Dispositive motions deadline | September 17, 2010 |
| Disclosure of damage expert reports: Proponent | October 22, 2010 |
| Disclosure of damage expert reports: Respondent | November 19, 2010 |
| Settlement letters | December 10, 2010 |
| Discovery cutoff | December 10, 2010 |
| Rule 26(a)(3) disclosures and all motions in limine | January 28, 2011 |
| Objections | February 4, 2011 |
| Final pretrial conference | February 21, 2011 |
| Trial | March 14, 2011 |

Due to the introduction of a new patent and new complaint, Affymetrix does not believe that the previous, vacated schedule should guide scheduling of the consolidated action.

On November 3, 2009, Illumina filed a second Complaint against Affymetrix in Case No. 09-665-bbc, alleging infringement of the newly-issued '020 patent, which contains 76 claims. The newly asserted patent "raises an independent and distinct cause of action." *Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996). Affymetrix stipulated to consolidation of the new case with the previously filed Case No. 09-227-bbc.

4

The dates proposed by Affymetrix follow this Court's standard scheduling template for new cases, with 15 months to trial and 6 months between summary judgment motions and trial. *See* Transcript of Telephonic Prelim. Pretrial Conf. at 4 (July 8, 2009) (Dk. No. 52). Illumina, by contrast, has proposed a truncated schedule that will deprive Affymetrix of the opportunity to properly prepare its defense. To date, Illumina has failed to identify which of the '020 patent's 76 claims are allegedly infringed. As this Court has explained, "if a defendant does not have notice of the asserted claims, it has no notice at all. If it does not know what it is accused of infringing, it cannot possibly prepare a defense." *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, Case No. 07-229-bbc (W.D. Wis. Dec. 31, 2007) (Dk. No. 87). Furthermore, the application that issued as the '020 patent was filed in January 2004, resulting in a nearly six-year long prosecution that is documented by a file history that spans thousands of pages and includes hundreds of prior art references. Notwithstanding this enormous record, Illumina proposes that the claim construction process be commenced by mid-month. Affymetrix's proposal should be adopted because it provides adequate time for the parties to investigate the newly issued and asserted '020 patent, and is consistent with this Court's standard schedule for patent cases.

      **B.**     **Modifications to Limitations on Discovery Imposed by the Federal Rules**

No changes in Federal Rules of Civil Procedure.

### OTHER INFORMATION REQUESTED IN STANDING ORDER

      **1.**     **Nature of the Case**

This is an action for alleged patent infringement under the United States Patent Laws, 35 U.S.C. §§ 271, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Illumina alleges that Affymetrix has committed acts of direct and/or indirect patent infringement of United States Patent Nos. 7,510,841 ("the '841 patent")

5

and the '020 patent. Illumina alleges that Affymetrix's infringement has been willful. Illumina alleges it has been irreparably harmed by Affymetrix's infringement and seeks an injunction and damages due to the alleged infringements. Affymetrix denies the infringement allegations and asserts that the '841 and '020 patents are invalid.

2.   **Pending Cases Between the Parties**

This is a consolidated action. The '020 patent issued on November 3, 2009, and Illumina filed action 09-cv-00665 that same day. On November 12, 2009, the court granted the parties' joint motion to consolidate these actions (Dk. No. 50).[1]

3.   **Material Factual and Legal Issues to be Resolved at Trial**

   A.   The proper construction of the claims of the patents in suit;

   B.   Whether Affymetrix infringes the claims of the patents in suit;

   C.   Whether the claims of the patents in suit are invalid;

   D.   Whether an injunction should issue in favor of Illumina;

   E.   Damages, if the patents in suit are found to be valid and infringed by Affymetrix; and

   F.   Whether any such infringement was willful.

4.   **Possibility of Simplifying the Issues**

The parties will work together to narrow factual issues in this litigation. The parties expect to file summary judgment motions in the manner and form required by the Court's standing order, which may narrow or eliminate certain issues.

---

[1] Affymetrix filed a petition for writ of mandamus in the United States Court of Appeals for the Federal Circuit, seeking review of the Court's decision on Affymetrix's motion to transfer. *See In re Affymetrix, Inc.*, Miscellaneous Docket No. 913 (Fed. Cir.). The parties agree that any decision on the petition should equally apply to the consolidated action.

### 5. Necessity and Desirability of Advance Rulings on Evidence

The parties will attempt to bring to the Court's attention, at the earliest possible time, any issues relating to the admissibility of evidence on which an advance ruling would be helpful. The parties will seek rulings with respect to disputed evidence by motions in limine to the extent feasible and appropriate.

### 6. Need to Limit Use of Testimony under Fed. R. Evid. 702

It is not known at this time whether either party will seek to limit expert testimony under Rule 702. The parties may bring pretrial motions following the disclosure of expert opinions if appropriate.

### 7. Identity of Any New Parties

The parties do not presently plan to add any additional parties to this action.

### 8. Description of Any Pleading Amendments

The parties propose that amended pleadings may be filed without leave of court until December 17, 2009.

### 9. Estimated Length of Time Required for Trial

Plaintiff estimates that this case can be tried as a bifurcated trial to a jury in one week. Defendant estimates that this case can be tried as a bifurcated trial to a jury in eight trial days.

### 10. Settlement Discussion/ADR Plans

The parties have not engaged in settlement discussions.

### 11. Other Items

#### A. Electronic Service and Electronic Copies

The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided

7

MILW_9569043.1

that the sender does not receive any indication that such electronic transmission was unsuccessful.

>Service on Illumina will be made to at least the following counsel:
>
>>Jeffrey N. Costakos
>>James G. Morrow
>>Kimberly K. Dodd
>>Justin E. Gray
>
>Service on Affymetrix will be made to at least the following counsel:
>
>>James R. Troupis
>>Ron E. Shulman
>>Roger J. Chin
>>Jennifer Koh

### B.     Electronic Copies

The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically.

### C.     Protective Order

The Court has entered a Protective Order governing confidential information (Dk. No. 48).

### D.     Draft Expert Reports

The parties agree that draft expert reports and attorney communications with experts will not be subject to discovery. However, all materials that an expert considered or relied on in connection with a final expert report shall be discoverable.

MILW_9569043.1

Dated: 12/7/09  *s/* Kimberly K. Dodd
Jeffrey N. Costakos
jcostakos@foley.com
James G. Morrow
jmorrow@foley.com
Kimberly K. Dodd
kdodd@foley.com
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400

Justin E. Gray
jgray@foley.com
**FOLEY & LARDNER LLP**
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
608.257.5035

*Attorneys for Plaintiff*

Dated: 12/7/09  *s/* Roger Chin
James R. Troupis
jrtroupis@michaelbest.com
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street, Suite 700
Madison, WI 53701-1806
(608) 257-3501

Ron E Shulman
rshulman@wsgr.com
Roger Chin
rchin@wsgr.com
Jennifer Koh
jkoh@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

9

*Attorneys for Defendant*

10

MILW_9569043.1