IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ILLUMINA, INC.,

                                              ORDER

                Plaintiff,

                                      09-cv-277-bbc
                                      09-cv-665-bbc

    v.

AFFYMETRIX, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this case for patent infringement, the parties have filed cross motions for the construction of several terms in U.S. Patent Nos. 7,510,841 and 7,612,020: (1) "second substrate"; (2) "array"; (3) "plurality of discrete sites"; (4) "projection"; and (5) "said bioactive agents are directly coupled to said array locations." In addition, both parties have requested a claim construction hearing.

       I will grant the request for a hearing, but I will limit the issues at the hearing to those related to the terms "second substrate," "plurality of discrete sites" and "said bioactive agents are directly coupled to said array locations" because the parties failed to identify why the other two terms need to be construed. In the magistrate judge's preliminary pretrial

1

conference order, dkt. #57, he explained that it would be each "party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." Id. at 2. The purpose of that requirement is to avoid deciding abstract questions that have no bearing on the lawsuit. Federal courts "possess no . . . authority to issue advisory opinions." Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 927 (7th Cir. 2000).

With respect to the terms "second substrate," "plurality of discrete sites" and "said bioactive agents are directly coupled to said array locations," the parties explain in their briefs that defendant's position is that the accused products do not contain those limitations if they are construed in the manner proposed by defendant. However, defendant says nothing about the reason the court should construe the terms "array" and "projection." Plaintiff says only that the term "array" is "expected to impact Affymetrix's invalidity" argument and the term "projection" is "likely to be relevant to Affymetrix's invalidity position." Plt.'s Br., dkt. #72, at 17,22. However, it fails to explain *how* either term might be relevant to validity. Accordingly, I conclude that the parties have failed to meet their burden to show that those two terms require construction. If either party later determines that construction of those terms is necessary, it will have to raise that issue at summary judgment or trial.

ORDER

IT IS ORDERED that the parties' request for a claim construction hearing is GRANTED. The hearing will be held on June 4, 2010 at 9:00 am. The issues at the hearing will be limited to the terms "second substrate," "plurality of discrete sites" and "said bioactive agents are directly coupled to said array locations." Each side will have one and one-half hours to present an argument.

Entered this 7th day of May, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3