IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ILLUMINA, INC.,

                                                    ORDER

                Plaintiff,

                                                    09-cv-277-bbc
                                                    09-cv-665-bbc

       v.

AFFYMETRIX, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Affymetrix, Inc. has filed a motion to dismiss this case for patent infringement on the ground that the court lacks subject matter jurisdiction. Dkt. #122. In addition, the parties have filed cross motions for summary judgment on other issues. Dkt. ##125 and 133. Because jurisdictional issues must be resolved before the merits, <u>Steel Co. v. Citizens for Better Environment</u>, 523 U.S. 83, 93-102 (1998), I will address the motion to dismiss for lack of subject matter jurisdiction first.

      Defendant's motion is premised on the following arguments: (1) Dr. Gregory Kirk is a joint inventor of the claimed inventions; (2) plaintiff has not joined Kirk as a party in this case; and (3) plaintiff does not have standing to sue without joining all the inventors or their assignees. A potential problem with this argument is that Kirk is not listed on the patents as an inventor. The appellate cases cited by defendant in its brief involved challenges

to standing *after* the patent had been corrected to name the omitted inventor, e.g., Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1460-61 (Fed. Cir. 1998), or challenges to the validity of a patent for failing to name the correct inventors.  E.g., Pannu v. Ioalb Corp., 155 F.3d 1344, 1351 (Fed. Cir. 1998).  Defendant does not cite any cases from the Federal Circuit in which the court entertained a motion to dismiss for lack of standing in the situation in this case, that is, a defendant who believes the patent is missing an inventor but has not taken the steps necessary to correct the patent.  Defendant cites one district court case in which that occurred, but that court did not cite any authority for its approach or even consider the question whether the patent needed to be corrected first.  Bushberger v. Protecto Wrap Co., 2008 WL 725189, at *5 (E.D. Wis. Mar. 17, 2008).  For its part, plaintiff ignores the jurisdictional question altogether and treats defendant's motion as one for summary judgment on invalidity grounds.

Because federal courts have an independent obligation to determine whether jurisdiction exists, I cannot simply assume that the question should be reframed as one for invalidity.  Accordingly, I am directing the parties to submit supplemental briefing on this matter.

ORDER

IT IS ORDERED that the parties may have until November 8, 2010 to submit supplemental briefing on the following questions: (1) whether the patent must be amended

to include Kirk as an inventor before his absence from the lawsuit can be a ground for challenging plaintiff's standing to sue; (2) if amendment is required, whether defendant wishes to seek amendment in the context of this case; (3) if so, whether defendant has standing to seek the amendment; and (4) if defendant has standing to ask for a correction, whether this court has the authority to make the correction. Each side may have until November 10, 2010, to file responses to the other side's submission.

      Entered this 28th day of October, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge